# The Supreme Court of Errors,

## HOLDEN AT HARTFORD, IN JUNE, 1806,

### CONSISTED OF

His Excellency JONATHAN TRUMBULL, Governor,

His Honour JOHN TREADWELL, Lieutenant-Governor,

Honourable OLIVER ELLSWORTH,
Honourable WILLIAM HILLHOUSE,
Honourable JOHN CHESTER,
Honourable ROGER NEWBERRY,
Honourable ASHER MILLER,
Honourable AARON AUSTIN,
Honourable JONATHAN BRACE,
Honourable CHAUNCEY GOODRICH,
Honourable ELIZUR GOODRICH,
Honourable MATTHEW GRISWOLD,
Honourable STEPHEN T. HOSMER, and
Honourable HENRY CHAMPION,

} ASSISTANTS.

---

## Phelps *v.* Yeomans.

1806.

### In the Court below,

EDWARD YEOMANS, ELIPHALET YEOMANS, and AMOS YEOMANS, *Plaintiffs ;* ELIHU PHELPS, *Defendant.*

THIS was an action of ejectment, to recover the seisin and possession of a piece of land in Lebanon.

The defendant pleaded in abatement, that the process was by attachment, and no other security for prosecution

In a suit commenced by attachment ,it is not a sufficient ground of abatement, that no bond of prosecution but that of the plaintiff was given.

In an action of ejectment, when the defendant pleads the general issue, and claims no title in himself, he shall not be permitted to give in evidence a copy of a deed from the plaintiff's grantor, to a stranger to prove that the plaintiff has no title.

1806.

PHELPS
*v.*
YEOMANS.

was given, than the bond of one of the plaintiffs. This plea was adjudged insufficient, and the defendant was ordered to answer over. He then pleaded the general issue. On the trial to the jury, the plaintiffs claimed title by a conveyance from *Jonathan Trumbull*, Esq. to *David Trumbull*, and a subsequent conveyance from the latter to the plaintiffs. The defendant, being in possession without any claim of title, denied the title of the plaintiffs ; " for that said *Jona-* " *than Trumbull* had, before the execution of the deed under " which the plaintiffs claimed, conveyed the demanded pre- " mises to *Stephen Apthorp*, by deed duly executed, and " recorded in the records of Lebanon." To prove the conveyance to *Apthorp*, the defendant offered in evidence a copy of the deed, certified by the town clerk of Lebanon. To this the plaintiffs objected, because there was no privity between the defendant and *Apthorp*. The Court rejected the evidence offered, and a verdict was found for the plaintiffs. The defendant thereupon filed his bill of exceptions.

The errors assigned were,

1. That the plea in abatement was adjudged insufficient.

2. That the defendant was not allowed to shew, that the plaintiffs had no title, by giving in evidence the title of a stranger.

*Peters*, (of Hebron,) for the plaintiff in error.

1. The process in civil actions, in this State, is regulated by statute. With regard to attachments, a very extraordinary power is given. Upon the application of any individual to a magistrate, without the slightest proof of a debt, or an injury, a writ is granted, as of right, whereby the property of the defendant is taken out of his possession, or his personal liberty restrained. The only guard, which the statute has placed about this proceeding, is, that the plaintiff is required to give " sufficient security to prose-

" cute his action to effect, and answer all damages, in case " he make not his plea good" (a) But the " security" which is required, in order to answer the exigency of the case, must be something more than the plaintiff's own bond. He may be a bankrupt, or may abscond before an action can be brought against him.

Again, if the bond of the plaintiff only be required, the provision of the statute is futile. The plaintiff, in case he fails of a recovery, is, at common law, liable for costs ; and the defendant can have no better security for the payment of such costs by the plaintiff's bond, than he has without it by an execution. If there be any difference, it is in favour of an execution ; for that affords its remedy immediately, without the delay and expense of a suit.

That the plaintiff, in case of his inability to pay a bill of cost, if recovered against him, may be required, after the action is returned, to give such bonds for prosecution as shall be satisfactory to the court, (b) is not an adequate remedy for the evil. The plaintiff may, consistently with the very terms of the statute, avoid a compliance with the order, by suffering a non-suit. Besides, the mischief of a vexatious attachment is always begun, and generally completed, before the case can be brought before the court.

In the case of *Smith* v. *Thrall*, (c) it was decided, by this Court, that, in replevin, the bond of the party only was not the " security," which the law requires. But the words of the statutes relating respectively to attachments and replevins, (d) are the same. No good reason can be shewn why they should not, in both instances, receive the same construction. There is no substantial difference, as to the security which ought to be given, between an attachment and a replevin. In one case, property is taken out of the

(a) *Stat.* 24. *edit.* 1796.　　　(b) *Stat.* 29. *edit.* 1796.
(c) 1 *Root* 165.　　　(d) *Stat.* 360. *edit.* 1796.

possession of the party ; in the other, it is taken out of the custody of the law.   Why should there not be the same security, in both instances, that the property taken shall be restored, or legally disposed of ?

From the reasons of the court, in the case cited, it also appears, that the word " security" means a *pledge*.   But the plaintiff's own bond can be no pledge to the adverse party.

When the plaintiff is not an inhabitant of this State, " like security" is required on a summons, as on an attachment. (*e*)  The reason of this is, that he is out of the reach of an execution for costs.   As he would be equally out of the reach of an execution on his bond, it would be idle to take it.   No one will contend that the plaintiff's own bond, in such a case, would satisfy the statute.   Then it follows, that in case of an attachment, the plaintiff's own bond is not sufficient, or else in the other case, that not " like security" must be given, but *better* security.

On appeals from probate, sufficient security is required by statute. (*f*)   But it has often been decided, that the bond of the party only, on appeals, is not sufficient.

2. There is no principle of law more perfectly settled, and universally known, than that the plaintiff, in every action, must first state, and then prove a case, which is sufficient, before he can entitle himself to a recovery.   If the plaintiff states a good case, the defendant has only to appear, and deny it, to put the plaintiff upon the proof of it.   If the plaintiff exhibits proof, which he claims to be sufficient, the defendant may attack that proof, and shew it to be insufficient.

If these remarks be just, as applicable to actions in general, they apply, with a stricter propriety, to the action of

(*e*) *Vide Stat.* first cited, § 1.
(*f*) *Vide Stat. de Courts*, § 95. *p.* 133. *edit.* 1796.

ejectment, where the defendant is in possession. " In this action," says Lord MANSFIELD, in the case of *Roe* ex dim. *Haldane*, and *Urry* v. *Harvey*, (*g*) " the plaintiff cannot re-" cover but upon the strength of his own title. He cannot " found his claim upon the weakness of the defendant's ti-" tle. For *possession* gives the defendant a right against ev-" ery man, who cannot shew a good title."

That it is sufficient for the defendant in ejectment to prove a title out of the lessor of the plaintiff, though he can prove none in himself, has been long settled in the English courts. (*h*)

In *Doe* ex dim. *Crisp* v. *Barber*, (*i*) the defendant was a stranger, who had entered without any colour of title. But, it having appeared on the trial, that the lease, under which the plaintiff's lessor claimed title, was void, the rule for entering a non-suit was made absolute. The court said, that " though the defendant was a stranger, and a wrong-doer, " the plaintiff could not recover in this action."

In *England* ex dim. *Syburn* v. *Slade* (*j*) where the plaintiff's lessor held a lease under the original proprietor, and had under-let to the defendant, the court held, that " it was " competent to the defendant to shew, that the lessor's title " had expired ; and that he had no right to turn him out of " possession."

*A. Spalding*, and *Williams*, (of Hartford,) for the defendant in error.

As to the first question ; the legislature never intended, that bonds with *surety*, should be required, in every case, where sufficient bonds are required. The words of the

(*g*) 4 *Burr.* 2487.
(*h*) *Bul. Ni. Pri.* 110. '*Esp. Dig.* 455, *Dub. edit.* 1794.
(*i*) 2 *Term Rep.* 749.
(*j*) 4 *Term Rep.* 749.

statute relied upon, in this case, are, that the plaintiff may pray out an attachment, " provided he give sufficient security, &c." The bonds of one man may be, and frequently are considered as better than the joint bonds of several others. When, therefore, the bond of a man of ample property is taken, the words of the law, as well as the spirit thereof, are complied with.

It is said, that by taking the bonds of the plaintiff, the defendant is in no better situation than he would be without them. Where the plaintiff is possessed of an ample estate, the defendant need be placed in no better situation ; but as the law is a general one, bonds must be taken in all cases ; but from that it by no means follows, that *surety* must be taken, where the security is good without.

The history of this statute, and a comparison of it with other statutes will shew, that by sufficient *security*, is not meant sufficient *surety*.

In the earliest printed edition of our statutes, it is enacted, that attachments may be taken out " if plaintiff give suffi-" cient security, and caution, to prosecute, &c." (*k*) So in the first statute relating to appeals, they are to be allowed on *good security ;* (*l*) but in the statutes as revised in 1750, (*m*) the law relating to appeals is to be found as it now stands, and the appellant is required to give sufficient bonds *with surety.* This alteration would not have been necessary, if by the words of the former act, or the construction thereon, surety had been required ; and when the alteration was made in one law, and not in the other, it is fair to infer, that a distinction was intended by the legislature.

In a variety of cases, where the legislature have not thought proper to vest this general power in the Court,

(*k*) *Stat. 5. edit.* 1672.
(*l*) *Ib.* 4.
(*m*) *P.* 6.

or magistrate, they have directed bonds with *surety* to be taken ; in other cases, they have directed, that bonds with *sufficient surety*, or *sureties*, be taken ; and in others, they have required *two good*, or *sufficient sureties*. Thus, the treasurer is to give bonds with surety ; (*n*) heirs are to give bonds, in certain cases, with *sureties* ; (*o*) a defendant pleading title before a justice, is to give bonds with one or more *sureties* ; (*p*) writs of error are to be signed, the magistrate taking good and sufficient bonds with *surety* ; (*q*) when the plaintiff in a suit is poor, he must find bonds with sufficient *surety* ; (*r*) executors are to give bonds with sufficient *surety* ; (*s*) administrators are to give bonds with sufficient *surety* or *sureties* ; (*t*) in recognizances for secret assaults, sufficient bonds are to be given with *sureties* ; (*u*) upon taking judgment against a person out of the State, the plaintiff must give bonds with one or more sufficient *sureties* ; (*v*) City Courts are to take bonds with two sufficient *sureties* ; (*w*) sheriffs are to give bonds with two sufficient *sureties* ; (*x*) persons conveying goods embargoed, are to give bonds with two sufficient *sureties* ; (*y*) usurers are to give bonds with two sufficient *sureties* ; (*z*) persons complained of for selling strong drink without licence, are to give bonds with sufficient *surety* not to sell ; (*a*) but taverners are to give *bond* for the due observance of the laws ; (*b*) and in the latter case, the practice is to take the bonds of the party. Judges of probate were, by a former statute, upon the appointment of a guardian, required to take bond with sufficient *surety;* (*c*) but the legislature, by a late statute, have required, in such cases, *sufficient bonds* to be taken ; and if the minor has estate, they have required bonds to be taken with *surety* ; (*d*)

(*n*) *Stat.* 421. *edit.* 1796.      (*o*) *Ib.* 167.
(*p*) *Ib.* 425.      (*q*) *Ib.* 162.
(*r*) *Ib.* 29.      (*s*) *Ib.* 163.
(*t*) *Ib.* 167.      (*u*) *Ib.* 338.
(*v*) *Ib.* 25.      (*w*) *Ib.* 64.
(*x*) *Ib.* 383.      (*y*) *Ib.* 156.
(*z*) *Ib.* 431.      (*a*) *Ib.* 410.
(*b*) *Ib.* 409.      (*c*) *Ib.* 227.
(*d*) *Ib.* 458.

G g

thereby recognizing the distinction contended for, and thus sanctioning, by legislative interpretation, the principle, that when *sufficient bonds* are required, the bond of the party *may be* sufficient.

The case of *Smith* v. *Thrall* is cited as opposed to this principle ; but the reasoning of the court, in that case, is applicable only to that case ; and they carefully avoid speaking of the case of attachments. Besides, the authority of that may be doubted, since the decision of this Court in *Phelps* v. *Sill*. (e)

But in the construction of this statute, it is to be considered, that it is an ancient statute ; that a course of practice has obtained under it ; and that this practice has been sanctioned by the uniform decisions of all our courts, before which the question has been raised.

Besides, after the defendant has had due notice of the suit, and after the magistrate signing the writ, has taken what he considers sufficient bonds, the defendant cannot be admitted to plead it in abatement of the suit.

2. The evidence offered was properly rejected. The defendants were mere trespassers, without even a colour of title. To admit the evidence they offered, would be to encourage litigation. And the principle, if admitted, would extend so far as to compel a party to produce his deeds for the benefit of a disseisor. It is said, that the plaintiff must recover by the strength of his own title, and not by the weakness of that of his adversary. It is admitted, that the plaintiff must show a title ; but when he has shown a title, the *defendant claiming no title, shall not be permitted* to show the weakness of the plaintiff's. In *Roe* v. *Harvey*, (f) the title of the plaintiff was disproved by his own witness ; he therefore made out no title. In *Doe* v. *Barber*, (g) it does

(e) *Ante, vol.* 1. *p.* 315.          (f) 4 *Burr.* 2487.
(g) 2 *Term. Rep.* 749.

not appear how the fact, that the lease was void, was shewn ; and the law, which shielded the defendant, in that case, was lamented by the court. In *England* v. *Slade*, (*h*) the defendant was permitted to show, that the lease of the plaintiff had expired ; but there the defendant had come rightfully into possession. In *Doe* v. *Pegge*, (*i*) Lord MANSFIELD asks whether, if a third person had a title superior to that of the plaintiff's, the defendant might be permitted to show it ; and the manner of his asking the question shews how he thought it ought to be decided.

It is no where averred, that this deed which they offered to produce, was ever delivered. Formerly, it was as necessary to prove livery of seisin as the execution of the deed ; (*j*) and upon the same principle, it is now necessary to prove, and to aver, that the deed was delivered.

Again, the plaintiffs in error have not offered to shew a subsisting title in *Apthorp*, but merely a deed claimed to have been executed to him thirty years before ; but have not offered to prove possession under the deed, without which it would be of no validity.

Besides, *a copy* only of the deed to *Apthorp* was offered in evidence. Now, although a copy is sufficient evidence, when the original is lost, or destroyed ; yet surely the original is better evidence ; and, so long as it exists, ought to be produced. Here, it no where appears, that the original was lost, or destroyed, or not to be had. *Apthorp* himself, therefore, in such circumstances, would be bound to produce it ; and surely this defendant, who is a mere trespasser, shall not be placed in a better situation, than the party himself would have been, in whom he claims the real title resides.

BY THE COURT, BRACE, E. GOODRICH, and HOSMER, *Assts*. dissenting,

The judgment was affirmed.

(*h*) 4 *Term. Rep.* 683. (*i*) 1 *Term Rep.* 760. (*j*) *Bul. N. P.* 256.